UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT HUGHES, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| CREDIT ONE BANK, | ) **JURY TRIAL** |
| | ) |
| Defendant. | ) **(Unlawful Debt Collection Practices)** |
| | ) |

## **COMPLAINT**

ROBERT HUGHES ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ONE BANK ("Defendant").

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Ohio, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Akron, Ohio.

6. Plaintiff is a "person" as the term is defined by 47 U.S.C. §153(39).

7. Defendant is a corporation with its headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around late 2014 or early 2015, and continuing through the end of June 2016, Defendant called Plaintiff on his cellular telephone number on a repetitive and continuous basis.

13. Defendant's calls originated from multiple telephone numbers, including, but not limited to 866-473-0948, 732-867-2870, 973-796-2481, 716-706-2130, 646-389-5936, and 434-533-9059.

14. On average, Defendant would call Plaintiff four or five times a day or more, multiple days a week.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or prerecorded voice.

16. Defendant's calls to Plaintiff usually began with a noticeable delay or silence prior to the call terminating or a representative coming on the line.

17. Defendant's calls were not made for "emergency purposes".

18. Plaintiff told Defendant to stop calling in or around June 2015, thereby revoking any consent Defendant may have had or thought it had to call.

19. Defendant acknowledged Plaintiff's request, yet continued to call repeatedly.

20. Plaintiff found Defendant's repeated calls stressful, frustrating, annoying, and aggravating.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

22. Defendant initiated multiple automated calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

23. Defendant's calls were not made for emergency purposes.

24. After Plaintiff told Defendant to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, knowingly, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages set forth below.

WHEREFORE, Plaintiff, ROBERT HUGHES, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,5000.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROBERT HUGHES, demands a jury trial in this case.

DATED: March 3, 2017         KIMMEL & SILVERMAN, P.C.
                             By: /s/ Amy L. Bennecoff Ginsburg
                             Amy L. Bennecoff Ginsburg
                             30 East Butler Pike
                             Ambler, PA 19002
                             Telephone: (215) 540-8888
                             Facsimile: (215) 540-8817
                             Email: aginsburg@creditlaw.com

                             Attorney for Plaintiff