IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT HUGHES, | ) | CASE NO. 5:17 CV 435 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CREDIT ONE BANK, N.A., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion of Defendant Credit One Bank, N.A. ("Credit One") to Dismiss and Compel Arbitration (ECF #9) This matter is now fully briefed and ready for ruling. After a thorough review of all of the briefs, supporting documents, and relevant law, the Court finds that the Defendant's Motion should be GRANTED.

## FACTS

The relevant facts are not in dispute. Plaintiff, Robert Hughes, filed this action on March 3, 2017 alleging that Defendant Credit One violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by autodialing his cellular telephone without consent. In its Motion to Dismiss, Credit One asserts that Plaintiff's claim is subject to binding arbitration pursuant to the underlying credit card agreement for Plaintiff's credit card account. Specifically, Credit One asserts that it sent Plaintiff a written solicitation for a pre-approved credit card in

November 2014 which contained terms and conditions applicable to the credit card, including arbitration. In response to the solicitation, Plaintiff applied for and received a credit card. Along with the credit card, Plaintiff received the Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement. The Arbitration Agreement provides in relevant part:

> **PLEASE READ THIS ARBITRATION AGREEMENT OF YOUR CARD AGREEMENT CAREFULLY. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY A NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT. IN ARBITRATION, YOU MAY CHOOSE TO HAVE A HEARING AND BE REPRESENTED BY COUNSEL.**
>
> Agreement to Arbitrate:
> You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration. This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by, and enforceable under, the Federal Arbitration Act (the "FAA"), 9 U.S.C. §1 et seq., and (to the extent State law is applicable), the State law governing the Card Agreement.
>
> Claims Covered:
> • Claims subject to arbitration include, but are not limited to, disputes relating to the establishment, terms, treatment, operation, handling, limitations on or termination of your Account; any disclosures or other documents or communications relating to your Account; any transactions or attempted transactions involving your Account, whether authorized or not; billing, billing errors, credit reporting, the posting of transactions, payment or credits, or collections matters relating to your Account; services or benefits programs relating to your Account, whether or not they are offered, introduced, sold or provided by us; advertisements, promotions, or oral or written statements related to (or preceding the opening of) your Account, goods or services financed under your Account, or the terms of financing; the application, enforceability or interpretation of the Card Agreement (except for this Arbitration Agreement); and any other matters relating to your Account, a prior related Account or the resulting relationships between you and us. Any questions about what Claims are subject to arbitration shall be resolved by interpreting this Arbitration Agreement in the broadest way the law will allow it to be enforced.

> . . .
>
> • Claims subject to arbitration include Claims based on any theory of law, any contract, statute, regulation, ordinance, tort (including fraud or any intentional tort), common law, constitutional provision, respondeat superior, agency or other doctrine concerning liability for other persons, custom or course of dealing or any other legal or equitable ground (including any claim for injunctive or declaratory relief). Claims subject to arbitration include Claims based on any allegations of fact, including an alleged act, inaction, omission, suppression, representation, statement, obligation, duty, right, condition, status or relationship.
>
> . . .
>
> Thus, if you or we require arbitration of a particular Claim, neither you nor we may pursue the Claim in any court litigation, whether as a class action, private attorney general action, other representative action or otherwise, and the arbitration of such Claim must proceed on an individual basis.

(ECF #9, Ex. A-3).

Plaintiff does not dispute that his TCPA claim is arbitrable, nor does he dispute that the credit card agreement included a mandatory arbitration agreement that, on it face, would apply to his claim. Rather, Plaintiff contends that prior to filing this lawsuit, he filed an arbitration demand with AAA in accordance with the terms of the Credit One Arbitration Agreement but Credit One refused to pay the arbitration fees or participate in arbitration, and thus has waived any right to compel arbitration.

Specifically, Plaintiff asserts that he filed a demand for arbitration with the AAA by mail on October 27, 2016. On December 7, 2016, AAA issued a letter to Plaintiff and Credit One accepting the demand and giving Credit One until December 21, 2016 to pay its arbitration fees. Defendant did not pay its fee by December 21, 2016. On January 3, 2017, the AAA sent Defendant a second letter stating that the fees had not been paid and giving Defendant until January 10, 2017 to make the payment. The letter stated that an arbitrator would not be appointed until the fees were paid in full. The AAA sent another letter to Credit One, dated January 11,

2017, requesting payment by January 18, 2017. Credit One made payment for part of the fees due. The AAA sent another letter to Credit One on January 30, 2017 stating that Credit One still owed fees in the amount of $1,500 and requesting payment by February 6, 2017. Credit One failed to make full payment by February 6, 2017. On February 20, 2017, Plaintiff filed a Motion with the AAA requesting dismissal of the arbitration for Defendant's failure to pay the required arbitration fees so that Plaintiff could pursue his claim in federal court.

The AAA responded to Plaintiff's Motion stating that "the AAA does not have the authority to review or grant motions. Please note, per the Consumer Rules and Costs of Arbitration the AAA has the authority to move a case forward in the absence of fees. Please advise if you would like to proceed with the arbitration for this matter or if the claimant would like to withdraw their claim for arbitration at this time. A response is requested by February 24, 2017." (ECF #12, Ex. J)

Credit One received Plaintiff's motion to dismiss the arbitration on February 20, 2017, noted the failure to make full payment and forwarded full payment to the AAA on February 23, 2017. (Affidavit of Tiffany Collins, ¶ 7) Ms. Collins states that "due to nonwillful inadvertence, including understaffing of the relevant departments due to the holidays, I did not timely submit for payment the $3,200 arbitration fee required by the AAA." (Id. at ¶ 5). The AAA issued a letter to the parties on February 22, 2017 stating "[i]nasmuch as the claimant wishes to withdraw their claim, we are closing our file as of February 22, 2017." (ECF #13, Ex. 2) Plaintiff filed this action on March 3, 2017.

## ANALYSIS

The Federal Arbitration Act ("FAA") was designed to overcome the traditional common law hostility to arbitration clauses and to ensure enforcement of such agreements. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985). The FAA mandates that district courts refer parties to arbitration on issues that the parties have agreed to arbitrate. *Id.* at 218. When considering a motion to dismiss due to an arbitration provision, a court must: (1) determine whether the parties agreed to arbitrate; (2) determine the scope of the agreement; (3) if federal statutory claims are asserted, consider whether Congress intended to exclude such claims from arbitration; and (4) determine whether any issues remain for the court's consideration. *See Manuel v. Honda R & D Am., Inc.*, 175 F.Supp.2d 987, 990 (S.D. Ohio 2001). The parties do not dispute that they agreed to arbitrate, that this issue is within the scope of the agreement, or whether Congress intended to exclude TCPA claims from arbitration. Rather, the only issue before the Court is whether Credit One waived its right to arbitrate by failing to pay its arbitration fees in a timely manner.

The first issue that the Court must consider is whether the question of waiver should be decided by the Court or by the Arbitrator. The Supreme Court has determined that issues of substantive arbitrability, *i.e*, whether a dispute is subject to arbitration in the first instance, is a question for the court to decide while issues of procedural arbitrability, *i.e.*, whether prerequisites such as time limits have been met, are for an arbitrator to decide unless there is an agreement by the parties to the contrary. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002). The issue of whether a party's late payment of arbitration fees equates to a waiver of arbitration is a procedural issue which should be determined by the arbitrator. *Union Cent. Life Ins. Co. v. Andraos*, 2011 WL 6091771 at *5 (S.D. Ohio Oct. 21, 2011) (citation omitted). As the parties'

arbitration agreement does not provide that a court must determine any procedural issues, the issue of waiver in this instance should be addressed and determined by the arbitrator. As such, Defendant's Motion to Dismiss and Compel Arbitration must be granted.

## CONCLUSION

For the reasons set forth above, Defendant Credit One's Motion to Dismiss and Compel Arbitration (ECF #9) is GRANTED. This case is dismissed without prejudice.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: October 2, 2017